IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN BROCKMAN, *et al.*, | : |
| *Plaintiffs*, | : Case No. 1:23-cv-657 |
| vs. | : Judge Jeffery P. Hopkins |
| BROOKWOOD CAPITAL ADVISORS, LLC, *et al.*, | : |
| *Defendants*. | : |

# OPINION AND ORDER

Plaintiffs Bang Realty, Inc. ("Bang Realty") and Brian Brockman ("Brockman") (collectively, "Plaintiffs") bring this case against Defendant Brookwood Capital Advisors, LLC ("Brookwood"), and Defendants Fisher Auction Company, Inc. ("Fisher Auction") and Lamar P. Fisher ("Fisher") (collectively, "Fisher Auction Defendants") asserting claims for fraudulent misrepresentation, unjust enrichment, civil conspiracy, conversion, breach of duty, and injunctive relief. Am. Compl., Doc. 10. Brookwood and the Fisher Auction Defendants now separately seek to dismiss all of the claims asserted against them. Docs. 19, 30. The Fisher Auction Defendants alternatively seek leave to move for summary judgment. Doc. 24. Also before the Court is Brookwood and the Fisher Auction Defendants' joint request to strike Plaintiffs' Rule 26(f) report and stay discovery. Doc. 40. Plaintiffs oppose all of these motions.

## I.  FACTUAL BACKGROUND

Bang Realty is a realty company engaged in real estate brokerage services in several states throughout the country. Am. Compl., Doc. 10. Brian Brockman is the sole shareholder of Bang Realty. *Id.* ¶ 3. Over the course of several years, Plaintiffs engaged in "substantial

regular business" with Brookwood, a company that buys, rehabs, and sells commercial real estate in various states throughout the United States. *Id.* ¶¶ 5, 12, 16.

To sell its properties, Brookwood uses an online auction service, RealInsight Marketplace ("RIM"), and often names Fisher Auction and Fisher, as the licensed auctioneer. *Id.* ¶ 13. Plaintiffs allege that Brookwood named Plaintiffs as the listing broker on numerous commercial real estate listings on RIM without Plaintiffs' knowledge or consent. *Id.* ¶¶ 15–16. Plaintiffs also allege that the Fisher Auction Defendants were listed as the auctioneer on many of those alleged fraudulent listings, *id.* ¶¶ 21, 24, and that, despite a duty or obligation to do so, the Fisher Auction Defendants failed to verify the auction listing information. *Id.* According to Plaintiffs, Brookwood has not paid any broker commission or other compensation to Plaintiffs for the sales of the properties. *Id.* ¶ 20. Despite repeated demands, Brookwood has continued to name Plaintiffs on the auction listings without their consent. *Id.* ¶ 18.

## II. STANDARD OF REVIEW

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Indeed, under the plausibility standard set forth in *Twombly* and *Iqbal*, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000).

### III. LAW AND ANALYSIS

**A. Fisher Auction Defendants' Motion to Dismiss (Doc. 19)**

Plaintiffs advance four claims against the Fisher Auction Defendants, including: (1) breach of duty, (2) conversion, (3) unjust enrichment, and (4) injunctive relief.

#### 1. Breach of Duty

Plaintiffs assert a claim for breach of duty against the Fisher Auction Defendants. As part of their claim, Plaintiffs allege that the Fisher Auction Defendants have a duty to conduct auctions in accordance with applicable law. Am. Compl., Doc. 10, ¶ 38. Plaintiffs allege that the Fisher Auction Defendants breached that duty because they failed to observe applicable law, rules, and regulations affecting online real estate auctions, and failed to verify that Plaintiffs, who were identified as the listing broker, were actually involved in the sale of the

properties being auctioned. Am. Compl., Doc. 10, ¶ 39–44. Plaintiffs say this caused them financial harm. *Id.*

It is not without justification that the Fisher Auction Defendants express confusion on Plaintiffs' breach of duty claim and speculate that Plaintiffs' claim must either be a claim for breach of fiduciary duty or negligence, or both. Doc. 19, PageID 471. In response, Plaintiffs make no attempt to clarify the basis for their claim and instead double down on their position that the Fisher Auction Defendants have a duty to perform their professional duties in the observance of a reasonable standard of care, and that they failed to observe that standard of care, causing harm to Plaintiffs as a result. Doc. 25, PageID 641. Plaintiffs cite to two cases, but neither clarifies the scope or basis of their claim. *See Bowling Transp. v. Gregg*, 103 Ohio App. 3d 539, 544 (6th Dist. 1995) (discussing duty of auctioneers relative to a negligent misrepresentation claim); *Ley Indus., Inc. v. Charleston Auctioneers*, 77 Ohio App. 3d 727, 731 (3d Dist. 1991) (explaining that an auction for the sale of real estate is governed by contract principles).

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain" statement that is sufficiently detailed to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544). "Rule 8 ensures simply that each party has adequate notice of the other's claims and an opportunity to meet them." *Lawson v. Huerta*, 692 F. App'x 790, 794 (6th Cir. 2017) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Plaintiffs have not met that objective here because they have left the Court (and the Fisher Auction Defendants) guessing about what cause(s) of action they are alleging. *See Citizens Awareness Network, Inc. v. United States*

4

*Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted). They made no effort to clarify their claim, nor address the Fisher Auction Defendants' best guesses in their response. The Court declines to assess all the potential causes of action that Plaintiff may be referring to in its breach of duty claim. Thus, Plaintiffs' breach of duty claim must be dismissed without prejudice.

### 2. Conversion

To state a claim for conversion, Plaintiffs must allege: (1) Plaintiffs had ownership or right to possession of the property at issue at the time of the conversion; (2) the Fisher Auction Defendants' conversion by a wrongful act or disposition of Plaintiffs' property rights; and (3) damages. *Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 700 (S.D. Ohio 2012).

The Fisher Auction Defendants contend that Plaintiffs have failed to plausibly allege the first two elements of their claim for conversion. Doc. 19, PageID 467–69. Plaintiffs, however, argue that they have plausibly alleged those elements because the Fisher Auction Defendants had a duty "to ensure legal compliance of the sale, to receive sale proceeds and [to] distribute them to the parties entitled to receive them," and that they failed to properly distribute the broker commissions to which Plaintiffs were entitled. Doc. 25, PageID 641–42. Both parties, however, have missed the mark because a conversion claim cannot proceed unless identifiable monies are at issue—and that issue is dispositive of Plaintiffs' claim.

Money is generally considered intangible property that cannot be subject to conversion unless "specifically identified monies are at issue." *Gascho*, 863 F. Supp. 2d at 700; *see also Farris v. U.S. Fin. Life Ins. Co.*, No. 1:17-cv-417, 2018 WL 2088284, at *4 (S.D. Ohio May 4, 2018) (stating that "money cannot be converted unless it is identifiable and there is an

5

obligation to deliver the specific money in question."). To be identifiable, the money at issue must be earmarked, sequestered, or physically set aside. *Farris*, 2018 WL 2088284, at *4. An allegation that a "sum certain" is owed is different from an allegation that segregated, identifiable money has been converted. *Gascho*, 863 F. Supp. 2d at 700. Beyond generally claiming an entitlement to broker commissions, Plaintiffs have failed to allege that specific monies are at issue. *See Smith v. Boston Mut. Life Ins.*, 2013-Ohio-2510, ¶ 11 (1st Dist.) (affirming dismissal of a conversion claim for commissions because the plaintiff "alleged only that the defendant wrongfully refused to pay commissions owed" and "failed to identify any [] segregated funds."). Thus, Plaintiffs fail to state a claim for conversion against the Fisher Auction Defendants.

### 3. Unjust Enrichment

To state a claim for unjust enrichment under Ohio law, Plaintiffs must plausibly allege that (1) they conferred a benefit on the Fisher Auction Defendants; (2) the Fisher Auction Defendants had knowledge of the benefit; and (3) the Fisher Auction Defendants retained the benefit under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). Recovery under unjust enrichment is designed to compensate plaintiffs for the benefit they have conferred upon another, not to compensate them for a loss suffered. *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954). Moreover, unjust enrichment "operates in the absence of an express contract to prevent a party from retaining money or benefits that in justice and equity belong to another." *Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 646 (N.D. Ohio 2012) (cleaned up).

The Fisher Auction Defendants contend that Plaintiffs have failed "to properly allege that they conferred a benefit on the Fisher Auction Defendants and that it would be unjust

6

for the Fisher Auction Defendants to retain any benefit they received with the required specificity." Doc. 19, PageID 470. Plaintiffs' primary argument to the contrary is that it was unjust for the Fisher Auction Defendants to further their auctioneering business without properly compensating Plaintiffs as the listing broker. Doc. 25, PageID 643.

Plaintiffs do not state a plausible claim for unjust enrichment as to the Fisher Auction Defendants. The allegations seem to suggest that Plaintiffs conferred a benefit on the Fisher Auction Defendants because the Fisher Auction Defendants collected auctioneering fees on property sales where Plaintiffs were fraudulently identified as the listing broker. Plaintiffs allege that the Fisher Auction Defendants did so without verifying the broker listings and ensuring compliance of the sales with applicable law. Am. Compl., Doc. 10, ¶ 50. There is no benefit to be inferred from these facts. Plaintiffs make clear in their Complaint that Brookwood, not the Fisher Auction Defendants, knowingly and intentionally listed Plaintiffs as the listing broker to comply with state law. Am. Compl., Doc. 10, ¶ 17. Though this may be enough to reasonably infer that a benefit was conferred on Brookwood, it is not enough to infer that Plaintiffs conferred a benefit on the Fisher Auction Defendants, who merely facilitated the transactions. At most, Plaintiffs allege that the Fisher Auction Defendants "were recklessly or grossly negligent in failing to verify the broker information contained in the auction listings and in failing to ensure compliance of the sales with applicable law." *Id.* ¶ 24. Even if there were a benefit, Plaintiffs do not plausibly state that the Fisher Auction Defendants had knowledge of the benefit, nor that they unjustly retained any benefit. Thus, Plaintiffs have failed to state a claim for unjust enrichment against them.

### 4. Injunctive Relief

In the Amended Complaint, Plaintiffs assert a claim for injunctive relief against the Fisher Auction Defendants and Brookwood. Am. Compl., Doc. 10, ¶ 53–54. "An injunction is a form of equitable relief available to avoid an irreparable injury. It is not a claim unto itself." *Baglama v. MWV Consumer & Off. Prods.*, No. 3:13-cv-276, 2014 U.S. Dist. LEXIS 156648, at *12 (S.D. Ohio Nov. 5, 2014) (citation omitted). Thus, to the extent that there are any surviving claims, this Court will consider Plaintiffs' request for injunctive relief as a remedy rather than a separate claim for relief. This claim is therefore dismissed.

## B. Brookwood Capital's Motion to Dismiss (Doc. 30)

Plaintiffs assert five claims against Brookwood: (1) fraudulent misrepresentation, (2) unjust enrichment, (3) civil conspiracy, (4) conversion, and (5) injunctive relief. Because Plaintiffs' civil conspiracy claim rises and falls with Plaintiffs' fraudulent misrepresentation and conversion claims, the Court will address these claims nonsequential in the order that makes most logical sense.

Before we can address these claims, however, the Court must first address the exhibits attached to Brookwood's motion: Broker Record Agreements (Brookwood Exs. A–C, Doc. 30-1), and listing advertisements and sales contracts (Brookwood Exs. D–H, Doc. 30-1).

Rule 12(d) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 653 (S.D. Ohio 2016) (citations

8

omitted). Here, Brookwood contends that the exhibits at issue are referred to in Plaintiffs' Complaint and are integral to the claims therein. Doc. 30, PageID 670–71. The Court finds this not to be the case.

As stated by Plaintiffs, the only exhibits (or portions of exhibits)[1] that are referred to in Plaintiffs' Complaint and integral to their claims are the listings/advertisements. Am. Compl., Doc. 10, ¶ 16 (A–E). The sales contracts and the Broker Record Agreements are not referred to in the Complaint, nor integral to Plaintiffs' claims. These will be excluded from consideration. The Court will therefore limit its consideration to the listings/advertisements and will not convert Brookwood's motion to dismiss into one for summary judgment.

1. **Fraudulent Misrepresentation**

In order to plausibly state a claim for fraudulent misrepresentation under Ohio law, Plaintiffs must allege:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 514 N.E.2d 709, 712 (Ohio 1987) (citing *Burr v. Bd. of County Comm'rs*, 23 Ohio St. 3d 69, 491 N.E.2d 1101 (Ohio 1986)). There is, however, a heightened pleading standard for fraud claims in a diversity action in federal court. *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001) (citations omitted). This means that Plaintiffs must satisfy the more rigorous pleading standards of Rule 9(b) with respect to their

---

[1] The listings/advertisements are as follows: Exhibit D, Doc. 30-1, PageID 692–700; Exhibit E, Doc. 30-1, PageID 736–45; Exhibit F, Doc. 30-1, PageID 782–88; Exhibit G, Doc. 30-1, PageID 826–42; Exhibit H, Doc. 30-1, PageID 892–01.

claim for fraudulent misrepresentation. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted) (stating that Rule 9(b) requires "the who, what, when, where, and how" of the alleged fraud).

Brookwood contends that Plaintiffs lack standing to state a claim for fraudulent misrepresentation and that, even if Plaintiffs have standing, they failed to allege fraud with adequate particularity. As to standing, the law on this point is clear: a party "lacks standing to maintain an action for a fraudulent misrepresentation made to a third party." *State ex rel. Nunnally v. Vill. of Oakwood*, 2004-Ohio-1679, ¶ 51 (8th Dist.). Thus, "[a] plaintiff fails to state a valid cause of action for fraud when he alleges that a third-party relied on misrepresentations made by a defendant and that he suffered injury from that third-party's reliance." *Moses v. Sterling Com. Am., Inc.*, 2002-Ohio-4327, ¶ 21 (10th Dist.). Plaintiffs expressly allege that the false representation was made to mislead others, not Plaintiffs, and that they suffered injury as a result of the third-parties' reliance. Am. Compl., Doc. 10, ¶¶ 25–27; Doc. 36, PageID 1501. As such, Plaintiffs have failed to state a fraud claim against Brookwood.

### 2. Unjust Enrichment

Brookwood argues that Plaintiffs' unjust enrichment claim should be dismissed for two reasons. First, Brookwood alleges that it has an ongoing contractual relationship with Plaintiffs. Doc. 30, PageID 673–74. So, Brookwood reasons that because a contractual relationship exists, Plaintiffs cannot maintain a claim for unjust enrichment. Second, Brookwood argues that Plaintiffs have failed to adequately allege that Plaintiffs conferred a benefit on Brookwood and therefore have failed to state a claim for unjust enrichment.

For its first argument, Brookwood refers to Exhibits A through C, which Brookwood says are Broker Record Agreements between Plaintiffs and Brookwood that support an implied contractual relationship. *Id.* at PageID 673. Plaintiffs counter that no express or implied contract exists for the property sales at issue, and that even if there were, it is premature to decide that question. Doc. 36, PageID 1503–04. As previously directed, however, the Court has excluded from its consideration the Broker Record Agreements. In fact, there is no need to even consider the Broker Record Agreements because it is unnecessary to decide at this early juncture whether a contractual relationship between the parties exists. Although a party cannot recover on a claim of unjust enrichment if a contract covers the same factual and legal issues, a party may, at this stage in the proceedings, still plead such a claim under Rule 8(a)(3) of the Federal Rules of Civil Procedure. *Cunningham Prop. Mgmt. Tr. v. Ascent Res. - Utica, LLC*, 351 F. Supp. 3d 1056, 1066 (S.D. Ohio 2018). Thus, regardless of whether an implied or express contractual relationship exists, Plaintiffs may plead unjust enrichment.

Turning to its second argument, Brookwood contends that Plaintiffs have failed to adequately allege that they conferred a benefit on Brookwood and therefore have failed to state a claim. The Court disagrees. To survive dismissal, Plaintiffs need only allege that (1) they conferred a benefit on Brookwood; (2) Brookwood had knowledge of the benefit; and (3) Brookwood retained the benefit under circumstances where it would be unjust to do so without payment. *Hambleton*, 12 Ohio St.3d at 183. Brookwood alleges that Plaintiffs cannot have conferred a benefit on Brookwood because they were unaware of the sales transactions and did not actually act as a broker in those transactions. But in drawing all reasonable

inferences in Plaintiffs' favor as the Court must at this stage, it is plausible that Plaintiffs conferred a benefit on Brookwood by virtue of being named as the listing broker.

Plaintiffs allege that "real estate listed for sale via online auction, such as RIM, must be listed by an authorized real estate broker qualified to do business in the state in which the subject property is located," and that Brookwood named Plaintiffs as the listing broker on commercial real estate auction listings. Am. Compl., Doc. 10, ¶¶ 14–15. Brookwood does not dispute this point, but counters that Plaintiffs were not listed in the sales contracts for those properties. Doc. 30, PageID 675. In doing so, however, Brookwood directs this Court to advertisements that show Brookwood did in fact list Plaintiffs as the listing broker on several advertisements. *See* Brookwood Ex. D, Doc. 30-1, PageID 692–700; Ex. E, Doc. 30-1, PageID 736–45; Ex. F, Doc. 30-1, PageID 782–88; Ex. G, Doc. 30-1, PageID 826–42; Ex. H, Doc. 30-1, PageID 892–01. These facts permit the reasonable inference that Plaintiffs conferred a benefit on Brookwood when Brookwood identified Plaintiffs as the listing broker to advertise the properties in compliance with state law. Further, Plaintiffs plausibly allege that Brookwood had knowledge of the benefit because Brookwood knowingly named Plaintiffs as the listing broker and that Brookwood retained that benefit because it did not pay Plaintiff any broker commissions for those sales. These facts are readily distinguishable from the Fisher Auction Defendants because Plaintiffs failed to plausibly allege that they conferred a benefit on the Fisher Auction Defendants, who merely facilitated the transactions, and even if they had, Plaintiffs likewise failed to plausibly state that the Fisher Auction Defendants unjustly retained any known benefit. Plaintiffs' unjust enrichment claim survives dismissal as to Brookwood.

### 3. Conversion

Though the allegations vary slightly from Plaintiffs' conversion claim against the Fisher Auction Defendants, Plaintiffs' conversion claim against Brookwood must fail for the same reason. Unlike the Fisher Auction Defendants, Brookwood has identified that reason: no identifiable monies are at issue. Doc. 30, PageID 676. Despite their best efforts, Plaintiffs are unable to persuade otherwise. Plaintiffs argue that the money is identifiable because "it is the broker commissions which should have been paid to Plaintiffs for the use of their broker's license in conjunction with the subject transactions." Doc. 36, PageID 1505. They argue that their position finds support in *Mayhugh v. Grimm*, 1997 WL 128920 (10th Dist.), but that is not the case. The facts in *Mayhugh* are readily distinguishable. Unlike here, in *Mayhugh*, the defendant "was obligated to deliver a *specific percentage* of the renewal commissions from specific insurance policies." *Mayhugh*, 1997 WL 128920, at *6 (emphasis added). And those commissions were deposited into a trust account making them segregated and identifiable. *Id.* Plaintiffs' vague allegation that Brookwood owes an unknown amount in commissions for various sales does not permit the reasonable inference that specifically identifiable monies are at issue. *See Smith*, 2013-Ohio-2510, ¶ 11. Plaintiffs' conversion claim must be dismissed.

### 4. Civil Conspiracy

"[Civil] [c]onspiracy has been defined as a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126 (1987) (citing *Minarik v. Nagy*, 193 N.E.2d 280, 281 (8th Dist. 1963)). "A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable

13

without the conspiracy." *Morrow v. Reminger & Reminger Co., L.P.A.*, 2009-Ohio-2665, ¶ 40 (10th Dist.).

Although Plaintiffs have stated a claim for unjust enrichment against Brookwood, Plaintiffs have failed to state claims for fraudulent misrepresentation and conversion. *Jarrell v. Adena Health Sys.*, No. 2:24-cv-00282, 2025 WL 81305, at *7 (S.D. Ohio Jan. 13, 2025) (explaining that unjust enrichment "sounds in equity rather than tort"). Thus, Plaintiffs have not stated an actionable tort claim. Plaintiffs' civil conspiracy claim must be dismissed.

### 5. Injunctive Relief

For the reasons previously stated in relation to Plaintiffs' claim for injunctive relief against the Fisher Auction Defendants, Plaintiffs' analogous claim against Brookwood will be dismissed. The Court will consider injunctive relief as a remedy for any surviving claims.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** the Fisher Auction Defendants' Motion to Dismiss (Doc. 19) and **DISMISSES** the following claims: breach of duty (Count V), conversion (Count VI), unjust enrichment (Count VII), and injunctive relief (Count VIII). Plaintiffs' breach of duty claim is dismissed without prejudice. The Court also **GRANTS IN PART** and **DENIES IN PART** Brookwood's Motion to Dismiss (Doc. 30) and **DISMISSES** the following claims: fraudulent misrepresentation (Count I), civil conspiracy (Count III), conversion (Count IV) and injunctive relief (Count VIII).

The Court thus **DENIES AS MOOT** the Fisher Auction Defendants' Motion for Leave to File Proposed Motion for Summary Judgment *Instanter* (Doc. 24). Defendants' Joint Combined Motion to Strike Plaintiffs' Rule 26(f) Report and Discovery Plan and Motion for Stay of Discovery (Doc. 40) is **GRANTED** to the extent they seek to strike Plaintiff's Rule

26(f) report because it was filed prior to a discovery conference among the parties. *See Shoupes v. Fast Access Healthcare, PLLC, et al.*, No. 3:23-cv-456, 2024 WL 3049558, *2–3 (E.D. Tenn. June 17, 2024). The motion (Doc. 40) is otherwise **DENIED**. The Court will set this matter for a Preliminary Pretrial Conference by separate notice.

    **IT IS SO ORDERED.**

September 29, 2025

                                      Jeffery P. Hopkins
                                      United States District Judge